# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN EIKE, an Individual, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| USCC SERVICES, LLC, a/k/a U.S. CELLULAR, | ) | |
| and MICHELLE COX, an Individual, | ) | **Trial By Jury Demanded** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, through her attorney Michael J. Merrick and Merrick Law Firm LLC, and for her complaint against Defendants states as follows:

### Nature of the Action

1.  This is an employment discrimination action in which Defendants moved Plaintiff from her permanent position into a temporary position, replaced her with a much younger employee who is not disabled, and later terminated Plaintiff when she was unable to secure another permanent position, all under the guise that she chose to give up her permanent position. Plaintiff asserts herein that Defendants' stated reason is false and that they terminated her employment because of her disability and age.

### Jurisdiction & Venue

2.  Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under the Americans with Disabilities Act, as amended by the Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq*. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§2612-2615 ("FMLA"), and the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*, arise under federal law. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3) as Defendants have employees and do business in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Plaintiff would have remained employed in this judicial district but for the unlawful employment practices alleged herein.

## Parties

4. Plaintiff Susan Eike (Eike) is a citizen of the United States and at all relevant times herein was employed by Defendant USCC Services, LLC.

5. Defendant USCC Services, LLC (USCC) is a Delaware limited liability company doing business in Chicago, Illinois as a registered foreign limited liability company. USCC sells cellular phones and monthly cell phone service under the name U.S. Cellular.

6. Defendant Michelle Cox (Cox) was at all times relevant herein employed by USCC and was Eike's most recent immediate supervisor at USCC's offices located at 8410 West Bryn Mawr Avenue in Chicago, Illinois. Upon information and belief, Cox resides in this judicial district.

## Common Allegations

7. Eike is currently 59 years of age. She commenced employment with USCC in July 1995 and worked most recently as a Resource Planning Coach. At all relevant times she met or exceeded Defendants' legitimate performance expectations and received pay raises and promotions.

8. Plaintiff has been diagnosed with, and has received medical treatments for, several illnesses described below, each of which is a disability under the ADA and a serious health condition under the FMLA.

9. In or about December 1989 Eike was diagnosed with Multiple Sclerosis.

10. In or about August and September 2011, Eike was diagnosed with thyroid cancer and went on a medical leave of absence to receive medical treatments including surgery to remove her thyroid gland.

11. In or about October 2011, Eike went on another medical leave of absence to receive additional medical treatments for her thyroid cancer including radioactive iodine treatment.

12. In or about late 2011, Eike was also diagnosed and received medical treatments for Horner Syndrome.

13. In or about March 2012 Cox became Eike's new supervisor. Cox is substantially younger than Eike and upon information and belief is nondisabled.

14. In or about mid-April 2012, Eike was diagnosed with a brain aneurysm.

15. In or about late April 2012, Cox met with Eike and asked her what she would like to do with the company in the future.

16. Eike told Cox she was happy with her current position and expected to remain in her current role at least for the next two years at which time she could retire.

17. Eike also told Cox about her recent brain aneurysm and advised her that she was nervous about her upcoming brain surgery and all of her other health problems.

18. Eike was also concerned that the stress from her other health problems could cause a setback with her Multiple Sclerosis.

19. In or about early June 2012, Eike went on another medical leave of absence to receive medical treatments for her brain aneurysm including having it coiled and stented.

20. In or about August 2012, Eike went on another medical leave of absence to receive additional medical treatments for her thyroid cancer including radioactive iodine treatment.

21. Cox was annoyed that Eike had multiple disabilities that required multiple medical treatments and leaves of absence.

22. For example, Cox complained about Eike to one of Eike's coworkers stating words to the effect that "Susan is forgetting things—I think it must be her MS."

23. In or about August 2012, Cox told Eike that due to some alleged work performance issues she was going to move Eike to a temporary position because she did not want to have to give Eike a write-up for unsatisfactory performance. Cox told Eike she would have approximately 10 months to locate a new permanent position for herself otherwise she would be terminated. Eike was shocked by what Cox had told her as she did not have any work performance deficiencies that warranted a transfer to a temporary position or any other disciplinary action.

24. Defendants failed to follow their progressive discipline and performance improvement policies.

25. In or about September 2012, Defendants placed a less-experienced, nondisabled and substantially younger employee into Eike's position and transferred Eike into a temporary position.

26. Eike applied for other positions within USCC but was not hired for any of them.

27. In or about June 2013, Cox told Eike that the company was considering a severance package for her.

28. Defendants subsequently offered Eike one month of severance pay in exchange for her signing a full release of all claims against defendants.

29. Eike told Kimberly Rathje (Rathje), USCC's Director of Human Resources, that the severance offer was unacceptable and was not even in line with what she was entitled to under the company's severance policy, *i.e.*, 24 weeks of severance pay and other benefits.

30. Rathje told Eike that she was not entitled to benefits under the company's severance policy because she had voluntarily chosen to move to the temporary position.

31. Eike informed Rathje that she was absolutely not given a choice and that Ms. Cox had unilaterally moved her to the temporary position.

32. On or about August 1, 2013, Defendants terminated Eike's employment.

## COUNT I

**ADA FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS AGAINST USCC**

33. At all relevant times, Eike was a qualified individual with a disability under the ADA.

34. USCC failed to provide Plaintiff with a reasonable accommodation that would have allowed her to keep her job including, but not limited to, allowing her to remain in her permanent position and following its progressive discipline and performance improvement policies, or reassigning her to another vacant position for which she was qualified.

35. Providing Eike with a reasonable accommodation would not have posed an undue hardship to USCC.

36. USCC acted with malice and reckless indifference to Eike's federally-protected rights.

37. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

38. Eike timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Illinois Department of Human Rights, and filed this action within 90 days of receiving her Notice of Right to Sue from the EEOC thereby exhausting her administrative remedies.

## COUNT II

### IHRA FAILURE TO PROVIDE
### REASONABLE ACCOMMODATIONS AGAINST USCC

39. Eike incorporates by reference paragraphs 1 through 38 as though fully set forth in this Count II.

40. At all relevant times, Eike was a qualified individual with a disability under the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq*.

41. USCC failed to provide Plaintiff with a reasonable accommodation that would have allowed her to keep her job including, but not limited to, allowing her to remain in her permanent position and following its progressive discipline and performance improvement policies, or reassigning her to another vacant position for which she was qualified.

42. Providing Eike with a reasonable accommodation would not have posed an undue hardship to USCC.

43. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

44. Eike timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") which was cross-filed with the Illinois Department of Human Rights, and filed this action within 90 days of receiving her Notice of Right to Sue from the EEOC thereby exhausting her administrative remedies.

## COUNT III

### ADA WRONGFUL TERMINATION AGAINST USCC

45. Eike incorporates by reference paragraphs 1 through 44 as though fully set forth in this Count III.

46. USCC violated the ADA by removing Eike from her permanent position, failing to transfer her to another position, terminating her employment, and failing to offer her severance benefits pursuant to the company's severance policy because she has a disability, has a record of having a disability, and/or USCC regarded her as having a disability.

47. USCC acted with malice and reckless indifference to Eike's federally-protected rights.

48. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

## COUNT IV

### IHRA DISABILITY DISCRIMINATION/ WRONGFUL TERMINATION AGAINST USCC

49. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully set forth in this Count IV.

50. USCC violated the IHRA by removing Eike from her permanent position, failing to transfer her to another position, terminating her employment, and failing to offer her severance

benefits pursuant to the company's severance policy because she has a disability, has a record of having a disability, and/or USCC regarded her as having a disability.

51. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

## COUNT V

## ADA RETALIATION AGAINST USCC

52. Eike incorporates by reference paragraphs 1 through 51 as though fully set forth in this Count V.

53. USCC retaliated against Eike for exercising her rights under the ADA by removing her from her permanent position, failing to transfer her to another position, terminating her employment, and failing to offer her severance benefits pursuant to the company's severance policy.

54. USCC acted with malice and reckless indifference to Eike's federally-protected rights.

55. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

## COUNT VI

## IHRA RETALIATION AGAINST USCC

56. Eike incorporates by reference paragraphs 1 through 55 as though fully set forth in this Count VI.

57. USCC retaliated against Eike for exercising her rights under the IHRA by removing her from her permanent position, failing to transfer her to another position, terminating

8

her employment, and failing to offer her severance benefits pursuant to the company's severance policy.

58. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

## COUNT VII

## FMLA DISCRIMINATION/RETALIATION AGAINST USCC AND COX

59. Eike incorporates by reference paragraphs 1 through 58 as though fully set forth in this Count VII.

60. USCC is a covered employer under the FMLA.

61. Eike was an eligible employee under the FMLA.

62. Eike suffered from serious health conditions for purposes of the FMLA.

63. At different times in 2011 and 2012, Eike exercised her rights under the FMLA and took medical leaves of absence.

64. Defendants willfully discriminated and retaliated against Eike by engaging in the unlawful misconduct described herein because she had exercised her rights under the FMLA.

65. As a direct and proximate result of Defendants' unlawful conduct, Eike suffered damages.

## COUNT VIII

## ADEA WRONGFUL TERMINATION AGAINST USCC

66. Eike incorporates by reference paragraphs 1 through 65 as though fully set forth in this Count VIII.

67. USCC willfully violated the ADEA by removing Eike from her permanent position, failing to transfer her to another position, terminating her employment, and failing to offer her severance benefits pursuant to the company's severance policy because of her age.

68. USCC knew or showed reckless disregard for whether its conduct was prohibited by the ADEA.

69. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

## COUNT IX

### IHRA AGE DISCRIMINATION/WRONGFUL TERMINATION AGAINST USCC

70. Eike incorporates by reference paragraphs 1 through 69 as though fully set forth in this Count IX.

71. USCC willfully violated the IHRA by removing Eike from her permanent position, failing to transfer her to another position, terminating her employment, and failing to offer her severance benefits pursuant to the company's severance policy because of her age.

72. As a direct and proximate result of USCC's unlawful conduct, Eike suffered damages.

## COUNT X

### BREACH OF CONTRACT AGAINST USCC

73. Eike incorporates by reference paragraphs 1 through 72 as though fully set forth in this Count X.

74. USCC has a severance policy which constitutes a contract between USCC and its employees, including Eike.

75. Under USCC's severance policy, given her years of service Eike was entitled to 24-weeks of severance pay and other severance benefits.

76. USCC materially breached its severance policy by failing to offer and pay Eike severance benefits according to the terms of the policy.

77. As a direct and proximate result of USCC's breach, Eike suffered damages.

## COUNT XI

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT AGAINST USCC AND COX

78. Eike incorporates by reference paragraphs 1 through 77 as though fully set forth in this Count XI.

79. USCC has a severance policy which constitutes an employment agreement between USCC and its employees, including Eike, for purposes of the Illinois Wage Payment and Collection Act (IWPCA).

80. Under USCC's severance policy, given her years of service Eike was entitled to 24-weeks of severance pay and other severance benefits.

81. Defendants violated the IWPCA by failing to offer and pay Eike severance benefits according to the terms of the severance policy.

82. As a direct and proximate result of Defendants' unlawful conduct, Eike suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment in her favor and against Defendants for the following make-whole relief:

    A.    Preliminary and permanent injunctions enjoining Defendants from discriminating or retaliating against Plaintiff;

B. Lost past and future wages and benefits in an amount to be proven at trial;

C. Compensatory damages in an amount to be proven at trial;

D. Liquidated damages;

E. Punitive damages;

F. The 2% penalty and interest under the IWPCA;

G. Pre-judgment interest;

H. Other equitable relief including back pay, reinstatement and/or front pay;

I. Plaintiff's reasonable attorneys' fees and costs incurred herein; and

J. For such further relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein.

SUSAN EIKE

By: /s/ Michael J. Merrick
Attorney For Plaintiff

Michael J. Merrick
Merrick Law Firm LLC
150 North Michigan Ave., Suite 800
Chicago, Illinois 60601
Tel (312) 269-0200
Fax (312) 269-0800
merrick@merricklawfirm.com
Attorney No. 6229849